State  
vs. } C.A.25957.  
Jacob Russian

June 1, 1934.

JOSLIN, J. The defendant was charged with the larceny of the sum of $158, the property of Bernard Hittner. The offence is alleged to have been committed in the town of Smithfield on October 30, 1933. The jury found the defendant guilty and the matter is now heard on his motion for a new trial.

The State contends and produced evidence tending to prove that defendant and Hittner agreed to enter into a specific poultry buying venture; that Hittner was to furnish the sum of $165 for the purchase of the poultry; that the two men left Providence by automobile on the morning of October 30, 1933, intending to go to Vermont; that while driving through Smithfield, the defendant suggested to Hittner that, inasmuch as he (defendant) was

to do the buying, the money should be entrusted to him; that thereupon Hittner turned over to the defendant the entire sum of $165; that they proceeded up through the State of Massachusetts, stopped at eight or ten places where efforts were presumably made to purchase poultry but without success; that they finally reached Springfield, Massachusetts, where they put up at a hotel for the night; that Hittner then proposed that they go up to their room and figure the expenses; and that the defendant told Hittner he should go up and he would soon follow. The State further contends that Hittner went to the room, fell asleep, and when he awoke found that the defendant had never gone up to the room and had departed for parts unknown.

On these facts, the State contends that the defendant requested and got possession of the money in Smithfield, with the intention then and there to deprive Hittner permanently thereof; and that said act amounted to larceny by means of a fraud or a trick.

The defendant admits he received the money, but denies it was paid to him in Smithfield. He claims he received it in Providence; that when the two reached Greenfield, Massachusetts, the defendant learned from a farmer that he had been defrauded on a previous occasion by Hittner; that an argument ensued and continued until they reached Springfield, whereupon the defendant told Hittner he was going home. The defendant further contends that there was a partnership between him and Hittner, or between four men including the defendant and Hittner.

Hittner denies such a partnership, asserting that he furnished all the capital, that the defendant was taken into the venture by him because of his long experience in the business of purchasing poultry, and that, by way of compensation, the defendant was simply to get one-half of the net profits but was not to suffer any part of the losses.

It is thus seen that there was a sharp conflict in the stories of the two principal figures. It took the jury exactly ten minutes to reach a verdict of guilty.

In the opinion of the Court, the jury were justified in finding that there was no partnership (*State* vs. *Hunt*, 25 R. I. 75); that the money was turned over to the defendant by Hittner when the parties were in Smithfield; that the defendant had no honest belief that he was entitled to the money; that at the time he received the money, the defendant pursuant to his previously conceived scheme, intended to appropriate it to his own use; and that the number of stops made thereafter were mere pretenses at attempts to purchase poultry. This opinion of the Court results from a consideration of all the testimony, including that given by the defendant, the defendant's demeanor on the witness stand, the circumstances of his departure from Springfield leaving Hittner stranded there, his eluding Hittner and the police, and his trip to New York.

The defendant's motion for a new trial sets forth the usual grounds that the verdict is against the evidence and the law. Prior to the hearing on this motion, the defendant asked leave and was permitted to file an amended motion which included the grounds in the original motion plus the additional ground of "newly discovered evidence * * * which was not available at the time of the trial".

The defendant filed the affidavit of Charles Holland wherein it appeared that on the first morning of the trial, he was under summons of the State and was in the office of the Attorney General from 9 to 11 o'clock, after

which he was released. It does not appear that the defendant used ordinary diligence to obtain the attendance of Holland as a witness. The affidavit details conversation Holland had with Hittner, and a circumstance regarding an alleged partnership. Some of the evidence which Holland would have testified to would have been damaging to the defendant. On the whole, we believe that had Holland been called as a witness for the defendant, there would have been no different verdict.

The verdict of the jury is approved and the defendant's motion for a new trial is denied.

For State: Attorney General.

For defendant: Francis J. Barlow.